IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BRENDA M. ASPERA, | ) | Civ. No. 12-00192 JMS-BMK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING |
| | ) | DEFENDANT'S MOTION TO |
| vs. | ) | TRANSFER VENUE |
| | ) | |
| BANK OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE

Before the Court is Defendant Bank of America, N.A.'s Motion to

Transfer Venue (Doc. 28).  The Court heard this Motion on November 7, 2012.

After careful consideration of the Motion, the supporting and opposing

memoranda, and the arguments of counsel, Defendant's Motion is GRANTED.

The Court ORDERS that this action be transferred to the Western District of

Washington.

FACTUAL BACKGROUND

Plaintiff Brenda Aspera was hired by Defendant in November 2008 as

a mortgage loan officer.  (First Amended Complaint ("FAC") ¶3.)  Plaintiff was

based at Defendant's branch in Bellevue, Washington.  (Montgomery Decl'n ¶ 3.)

Throughout 2009, Debra Montgomery supervised Plaintiff.  (Id.)  In August 2009, Plaintiff's son, who was living in Hawaii, was involved in an accident and required hospitalization.  (Id. ¶ 4.)  Defendant granted Plaintiff's request to work in Hawaii while her son recuperated.  (Id.)

While working remotely in Hawaii, Plaintiff continued to service her clients in Washington, was not required to generate any business in Hawaii, and continued to report to Montgomery in Bellevue, Washington.  (Id. ¶¶ 5-6.)

In October 2009, Plaintiff informed Montgomery that she was pregnant.  (FAC ¶ 12.)  Later in November, Plaintiff notified Montgomery that she was disabled due to a high-risk pregnancy.  (Id. ¶ 15.)

On December 2, 2009, Montgomery was contacted by Timothy Whitesitt, Defendant's VP & Senior Investigator.  (Montgomery Decl'n ¶ 8.) Whitesitt notified Montgomery of Plaintiff's "delinquent corporate credit card statements."  (Id.)  Both Montgomery and Whitesitt spoke with Plaintiff that day via conference call, and Plaintiff admitted that she did use her company credit card for personal purchases and that she "did reimburse Defendant Bank for all the purchases she made."  (FAC ¶ 19.)  In a second telephone conference call that same day with Montgomery and Whitesitt, Plaintiff was informed that "she was

2

terminated due to 'violation of company policy,' that is, use of the company credit card for personal purchases." (Id. ¶ 20.)

After filing charges of discrimination based on sex discrimination with the Hawaii Civil Rights Commission and the Equal Employment Opportunity Commission, Plaintiff filed this action in state court on January 31, 2012. (FAC ¶¶ 5-6.) Defendant removed the case to this Court on April 12, 2012. (Notice of Removal.) Defendant subsequently filed the present Motion to Transfer Venue to the Western District of Washington.

## DISCUSSION

Defendant argues that "this Court should transfer venue in this action to the Western District of Washington pursuant to 28 U.S.C. § 1404(a) for considerations of convenience and justice." (Motion at 5.)

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against any unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (quotations omitted). "A decision to transfer lies within the broad discretion of the

3

district court, and must be determined on an individualized basis." Abordo v. Kimoto, No. Civ. 12-00651 JMS, 2012 WL 6554388, at *1 (D. Haw. Dec. 14, 2012) (citing Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000)).

Courts deciding a motion to transfer venue under § 1404(a) weigh multiple factors in determining whether transfer is appropriate. Jones, 211 F.3d at 498. For example, courts may consider (1) the plaintiff's choice of forum, (2) contacts between the chosen forum and plaintiff's cause of action, (3) convenience of the parties and witnesses, (4) ease of access to the evidence, (5) differences in the costs of litigation in the two forums, (6) familiarity of each forum with the applicable law, (7) relative court congestion, and (8) local interest in the controversy. Abordo, 2012 WL 6554388, at *2.

As an initial matter, the Court notes that there is no dispute that the Western District of Washington is a "district or division where [this action] might have been brought." 28 U.S.C. § 1404(a). Therefore, this Court turns to the applicable factors mentioned above in determining the "convenience of parties and witnesses." Id.

As to the first two factors, "although there is a presumption in favor of a plaintiff's choice of forum, when a plaintiff does not reside in the forum, that preference is given considerably less weight." Abordo, 2012 WL 6554388, at *2.

4

Furthermore, "if the plaintiff's forum lacks any significant contact with the activities alleged in the complaint, the plaintiff's choice of forum will be given considerably less weight."  Sweet-Reddy v. Vons Cos., No. C06-06667 MJJ, 2007 WL 841792, at *2 (March 20, 2007).

At the hearing on this Motion, Plaintiff's counsel informed the Court that Plaintiff no longer resides in Hawaii and has moved back to Washington state. Moreover, Plaintiff's claims arise from activities that took place in Washington. Plaintiff's First Amended Complaint alleges that she was informed that her termination was due to unauthorized use of her corporate credit card for personal purchases.  (FAC ¶ 20.)  According to Plaintiff's supervisor, the majority of personal charges made on the credit card were transacted in Washington. (Montgomery Decl'n ¶ 8.)  Plaintiff's supervisor met with Senior Investigator Timothy Whitesitt in Washington to discuss the credit card charges, and the decision to terminate Plaintiff was made in Washington.  (Id. ¶¶ 8-11.) Accordingly, because Plaintiff resides in Washington and the conduct giving rise to Plaintiff's claim occurred in Washington, Plaintiff's "choice of forum will be given considerably less weight."  Sweet-Reddy, 2007 WL 841792, at *2; see Abordo, 2012 WL 6554388, at *2.

With respect to the convenience of the parties and witnesses (factor 3), all of the parties and witnesses who have relevant knowledge concerning Plaintiff's termination reside in Washington.  Importantly, Plaintiff resides in Washington.  Other witnesses who could testify as to Plaintiff's termination also reside in Washington, including Plaintiff's supervisor (Debra Montgomery), Defendant's investigator (Timothy Whitesitt), and a former employee (Jamison Johnson), who submitted a declaration pertaining to allegations in this case.  (Montgomery Decl'n ¶¶ 2, 9, 13.)  Further, Plaintiff may choose to call as witnesses current employees at Defendant's Bellevue branch who she claims were treated more favorably than her, and those employees also reside in Washington.  Indeed, none of the witnesses who would testify as to Plaintiff's termination are located in Hawaii.

Similarly, with respect to the ease of access to evidence (factor 4), all of the documents, credit card invoices, and computer files relevant to Plaintiff's termination are located in Washington.  (Montgomery ¶ 6.)

Factor 5, regarding the "differences in the costs of litigation in the two forums," also tilts in favor of transferring the case to Washington.  As discussed above, all of the witnesses and documentary evidence concerning Plaintiff's termination are located in Washington.  Therefore, the "expense of conducting

discovery is clearly lesser" in Washington, and it would be more expensive to have parties and witnesses travel to Hawaii to litigate this case.  See Abordo, 2007 WL 6554388, at *3.

The last three factors – familiarity of each forum with the governing law, court congestion, and local interest in the controversy – are either neutral or weigh in favor of transfer.  See id.  Plaintiff's claim raises issues of federal law, with which both federal courts are familiar.  Additionally, there is no evidence that court congestion tips the scale in favor of or against transferring this case.  However, the Western District of Washington may have more of an interest in resolving this local Washington dispute, which arose out of conduct occurring in Washington and involved Washington residents.

Consequently, the balance of factors outlined above favor transferring this case to the Western District of Washington.  Although Plaintiff prefers to litigate this case in the District of Hawaii, she currently resides in Washington and all of the witnesses and documentary evidence concerning the crux of this case – i.e., Plaintiff's termination – are located in Washington.  Considering the "convenience of parties and witnesses" under 28 U.S.C. § 1404(a), the Court orders that this case be transferred to the Western District of Washington.

<u>CONCLUSION</u>

For the foregoing reasons, the Court GRANTS Defendant's Motion to Transfer Venue.  The Court ORDERS that this action be transferred to the Western District of Washington.

DATED:  Honolulu, Hawaii, December 21, 2012.

IT IS SO ORDERED.



/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

<u>Aspera v. Bank of America</u>, Civ. No. 12-00192 JMS-BMK; ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE.